UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

LEO PARNES, D.O., P.C., LEO PARNES and
MARK PARNES,

               Plaintiffs,

          -against-

LUMENIS, INC.,

               Defendant.

---------------------------------------------------------------X

**ORDER**
10 CV 198 (SJF) (WDW)

FEUERSTEIN, J.

On January 19, 2010, plaintiff Leo Parnes commenced this action against, *inter alia*, Lumenis, Inc. ("defendant"). On May 17, 2010, Leo Parnes filed an amended complaint adding Leo Parnes, D.O., P.C., and Mark Parnes as plaintiffs (collectively "plaintiffs") and setting forth claims of, *inter alia*, breach of contract, strict liability and related tort claims.

On February 2, 2011, discovery was referred to Magistrate Judge William D. Wall. The following day, Magistrate Judge Wall issued a scheduling order requiring, in pertinent part, all discovery to be completed by March 11, 2011. *See* DE 31. Pursuant to the scheduling order, Magistrate Judge Wall held a pre-trial conference on March 31, 2011. *See* DE 33. Plaintiffs did not appear. Upon finding that plaintiffs "have failed to comply with discovery obligations, failed to participate in the preparation of a joint proposed pretrial order, and failed to appear at [the pre-trial] conference," Magistrate Judge Wall determined that plaintiffs had "failed to prosecute their claims," and recommended that the complaint be dismissed ("the Recommendation"). *Id.* Plaintiffs filed a motion to set aside the default on April 1, 2011, which was denied by Magistrate Judge Wall on

1

April 6, 2011, and on April 3, 2011, plaintiffs filed objections to the Recommendation.

I.    Discussion

    A.    Standard of Review

Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." Johnson v. Connolly, No. 9:07-CV-1237, 2010 WL 2628747, at *1 (N.D.N.Y. Jun. 25, 2010). See also Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N .Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review"). The court  is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). As plaintiffs have made timely objections, the Recommendation is reviewed *de novo.*

2

B.    Involuntary Dismissal

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action where a plaintiff "fails to prosecute or to comply with these rules or a court order." Rule 41(b). Dismissal pursuant to Rule 41(b) is a harsh remedy and is reviewed by examining whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

United States _ex rel._ Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). The record must be reviewed as a whole, and no one factor is dispositive. Id. (citing Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993)).

Plaintiffs' counsel acknowledges that he failed to appear at the March 31, 2011 conference and received the scheduling order but argues that his failure to appear was based upon a "clerical error [resulting in] the failure to enter the date of the conference on [his] office calendar." _See_ Objections ("Obj"), DE 36 ¶¶ 5, 10. Defendant contends that on March 30, 2011, an attorney at defendant's counsel's firm informed plaintiffs' counsel that defendant would be filing a motion for summary judgment and would request a scheduling order at the conference. _See_ Letter Response ("Resp."), DE 37. Plaintiffs' counsel denies that he ever spoke to defendant's counsel on March 30, 2011 and filed a motion to require defendant's counsel to prove that the alleged conversation occurred. _See_ DE 39. On April 13, 2011, the Court questioned each of the attorneys regarding the alleged conversation.

3

Plaintiffs' counsel represented that no phone calls had been made to his office on March 30, 2011. *See also* Declaration in Response, DE 44. Defendant's counsel represented that she had called plaintiffs' counsel's office, asked for counsel by name, and discussed the next conference with plaintiffs' counsel on the phone. *See also* Affidavit of Virginia Nimick, DE 41. Defendant's counsel provided internal billing records documenting that a phone call to plaintiffs' counsel had been made "concerning the scheduled court appearance and possibility of discontinuing the case" on March 30, 2011. *See* DE 43.

Defendant also contends, without opposition, that on March 31, 2011, Magistrate Judge Wall's chambers attempted to reach plaintiffs' counsel by telephone, and was advised he would be paged. Resp. at 1. Nevertheless, plaintiffs' counsel failed to appear or respond to the Magistrate Judge's attempt to contact him. Plaintiffs' counsel filed the motion to set aside the default the following day. *Id.*; the Recommendation.

Plaintiffs object to Magistrate Judge Wall's finding that they failed to comply with discovery obligations and participate in the preparation of a joint proposed pretrial order. Plaintiffs contend that they "provided every documents [sic] pertaining to [plaintiffs'] case with the initial disclosure in this matter," that no other discovery requests were made, and that plaintiffs' counsel was "never contacted regarding any preparation for a joint proposed pretrial order." Obj. ¶ 5.

Magistrate Judge Wall's February 3, 2011 scheduling order provides that a joint proposed pretrial order is to be submitted at least fifteen (15) days prior to April 4, 2011. It is unclear why plaintiffs' counsel expected to be "contacted" about preparing the pretrial order.

Moreover, plaintiffs' discovery defaults pre-date the scheduling order. On December 3, 2010, both parties appeared in this Court and defendant's counsel advised plaintiffs that it was still

4

in need of patient information and photographs pertaining to the allegations of injuries within the limitations period. Plaintiffs' counsel indicated that he had the information on a three and one half (3.5) inch floppy disk, but was unable to "recover" the information. The Court directed plaintiffs' counsel to provide the information on the disk within thirty (30) days, and that failure to do so may result in dismissal. Thus, plaintiffs' counsel was on notice that failure to comply with discovery orders could result in dismissal of the actions pursuant to Rule 41(b). Nevertheless, as of April 8, 2011, defendant contends it still has not received these materials. Although plaintiffs argue that "every" document was provided to defendant in its initial disclosures, they have not provided any evidence that the patient information and photographs requested in December 2010 were provided.

Plaintiffs state that defendant has suffered no prejudice by the delay in discovery production. Obj. ¶ 12. However, as of the January 2, 2011 deadline to submit patient information and photographs of injuries occurring within limitations period, plaintiffs' complaint had been pending for approximately one (1) year without providing evidence substantiating their claims. Failure to provide this information precluded meaningful settlement discussions and required the Court's intervention to compel plaintiffs to provide this information. *See* Letter in Response to Obj. In addition, defendants were unable to adequately prepare to defend against the claims, prepare motions, and ultimately prepare for trial. *Id.*

Parties are expected to appear promptly at all scheduled conferences. Failure to do so necessitates unnecessary conferences, inconvenience, and cost to the parties that appear as directed. As a result, the Court's docket unnecessarily increases, creating calendar delays in all cases. Balanced against this interest, the failure to appear at Magistrate Judge Wall's conference demonstrates the value plaintiffs' place on their "right to an opportunity of a day in court," Drake,

5

375 F.3d at 254, and weighs in favor of the defendant.

Plaintiffs argue that Magistrate Judge Wall's recommendation is too harsh, as it did not

consider lesser sanctions, but do not deny that they have had a number of opportunities to comply

with the discovery order and have not. Magistrate Judge Wall provided plaintiffs' counsel with the

opportunity to appear by telephone, at least for the purposes of justifying his failure to appear.

Plaintiffs' counsel could not be reached and did not attempt to otherwise respond.

Upon review of the record as a whole, including plaintiffs' failure to appear and otherwise

comply with orders of the Court, plaintiffs' objections are overruled.

II.    Conclusion

Plaintiffs' objections are overruled and the Recommendation to dismiss plaintiffs' claims is

adopted as an order of the Court.

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: May 19, 2010
        Central Islip, New York